IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

ADVANCED POLYMER TECHNOLOGIES, INC., and
APT ACQUISITION CORP.,

                       Plaintiffs,

Vs.                                       No. 04-4011-SAC

A.T.G. SPORTS INDUSTRIES, INC., and
GULF INSURANCE COMPANY,

                       Defendants.

MEMORANDUM AND ORDER

This case comes before the court on defendant's motion to dismiss plaintiffs' complaint.

**Background**

The "complaint," as originally styled, contained four causes of action: 1) breach of contract; 2) bond claim; 3) trademark infringement; and 4) unfair competition. The basis for this court's subject matter jurisdiction is federal question, and no diversity is alleged.

On November 29, 2004, the parties filed a stipulated journal

entry in which the parties agreed to dismiss with prejudice the trademark infringement and unfair competition claims. Those counts provided the basis for this court's federal question jurisdiction. The case currently alleges that defendant ATG breached its contract by failing to pay $47,730 for materials used in an athletic track project at Fort Hays State University, and that defendant Gulf Ins. Co. is liable for that amount as the surety for a bond owned by the State of Kansas. Defendants now move to dismiss the remaining state law claims, asking the court to decline to exercise its supplemental jurisdiction.

**Supplemental jurisdiction**

In an action over which it has federal question jurisdiction, a federal court may exercise supplemental jurisdiction over state law claims which form part of the same case or controversy. *See* 28 U.S.C. § 1367(a). The court may decline to exercise supplemental jurisdiction over a state law claim when it has dismissed all claims over which it has original jurisdiction. *See id*. § 1367(c)(3). *Exum v. U.S. Olympic Committee*, 389 F.3d 1130 (10th Cir. 2004); *cf. United Mine Workers of Am. v. Gibbs*,

383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial ... the state claims should be dismissed as well."). "The exercise of supplemental jurisdiction is therefore discretionary." *Gold v. Local 7 United Food and Commercial Workers Union*, 159 F.3d 1307, 1310 (10th Cir.1998).

When deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.' *Id*. (internal quotations and citations omitted.) *See United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002) (stating that if the parties have not spent a substantial amount of time litigating the state law claims, the "district court should normally dismiss supplemental state law claims after all federal claims are dismissed ... before trial").

**Application**

The claims remaining in this case pose simple questions of state law. Defendant's characterization of the case as "a standard collection action," appears accurate. The court finds it unnecessary to address

defendant's allegations of forum shopping, but notes that plaintiffs do not deny that they sought no discovery concerning the merits of plaintiff's federal claims, then voluntarily dismissed those claims without any dispositive motion by defendants. The court finds no reason to exercise supplemental jurisdiction over the remaining claims. Accordingly, this case shall be dismissed.

IT IS THEREFORE ORDERED that the court declines to exercise supplemental jurisdiction over the remaining claims, and the case is dismissed.

Dated this 23rd day of March, 2005.

>s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge